## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**JAMES TREADWELL** and )
**STEVE TREADWELL**, )
                             )
     Plaintiffs, )
                             )     CIVIL ACTION FILE
v. )
                             )     NO. _____
**NORTHSTAR LOCATION SERVICES,** )
**LLC,** )
                             )
     Defendant. )

## COMPLAINT FOR DAMAGES AND
## DEMAND FOR JURY TRIAL

### INTRODUCTION

1.

This is an action for actual and statutory damages brought by individual consumers for

Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

(hereinafter "FDCPA").

### JURISDICTION AND VENUE

2.

Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d)

and/or 28 U.S.C. § 1337.

3.

Venue is proper in this District because the acts and transactions occurred here, the

Plaintiffs reside here and the Defendant regularly transacts business here.

## PARTIES

4.

Plaintiff James Treadwell (hereinafter "Plaintiff") is a natural person residing in Henry County, Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.

Plaintiff Steve Treadwell is a natural person residing in Rockdale County, Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.

Defendant Northstar Location Services, LLC (hereinafter "Defendant") is a third-party debt collection agency with its principal place of business in Cheektowaga, New York, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  Defendant may be served at 4285 Genesee Street, Cheektowaga, New York, 14225.

7.

At all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect a debt allegedly owed to another.

7.

The acts of the Defendant alleged hereinafter were performed by Defendant's employees, in particular, Kim Carroll, acting within the scope of their actual or apparent authority.

## FACTUAL ALLEGATIONS

8.

Plaintiffs incurred a debt (hereinafter referred to as "the Subject Debt").

9.

The Subject Debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family or household purposes.

10.

The Subject Debt was a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.

Plaintiff defaulted on the Subject Debt.

12.

Upon information and belief, Defendant was engaged by the creditor to attempt to collect the Subject Debt from Plaintiffs.

13.

At some point thereafter, and within the one- year statute of limitation imposed by the FDCPA, employees of Defendant began calling Plaintiffs attempting to collect the above-referenced Subject Debt owed by Plaintiffs.

14.

All telephone calls made to Plaintiffs by Defendant's employees were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15.

During the course of attempts to collect the Subject Debt, Defendant repeatedly contacted Plaintiff's father-in-law, Plaintiff Steve Treadwell, even though Defendant already knew of Plaintiff's whereabouts and had already been in contact with Plaintiff.

3

16.

During a conversation with Plaintiff Steve Treadwell, an employee of Defendant informed Plaintiff Steve Treadwell that a lawsuit was going to be filed against his son, Plaintiff James Treadwell, unless the Subject Debt was paid within forty-eight (48) hours.

17.

Upon information and belief, the purpose of the calls to Plaintiff Steve Treadwell was to harass, annoy, scare and intimidate both Plaintiffs.

18.

During a conversation with Plaintiff Steve Treadwell, an employee of Defendant disclosed the existence of Plaintiff James Treadwell's debt.

19.

To date, and upon information and belief, Defendant has not filed, nor engaged counsel to file, any lawsuit against Plaintiff James Treadwell.

19.

Upon information and belief, Plaintiffs received telephone calls from Defendant either before 8 a.m. or after 9 p.m. in violation of the FDCPA.

20.

Upon information and belief, Defendants continued to call Plaintiff without sending a collection letter within five (5) days of its first contact with Plaintiff.

21.

Upon information and belief, during a conversation with Plaintiff Steve Treadwell, Defendant represented, or Plaintiff reasonably inferred, that Defendant was a lawyer

4

22.

All telephone calls made to Plaintiffs by Defendant's employees were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

## CAUSE OF ACTION
## NEGLIGENT HIRING AND/OR RETENTION AND SUPERVISION

23.

Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 – 21 above.

24.

Upon information and belief, and upon external information gathered during the investigation of this matter, Defendant's employee has a history of breaking the law during attempts to collect debts on behalf of employer(s).

25.

Upon information and belief, Defendant's employee has been the subject of other complaints and/or lawsuits alleging virtually identical or similar unlawful actions as the case at bar.

26.

Upon information and belief, Defendant knew or should have known at the time it hired its employee of the employee's propensity to engage in the conduct which caused Plaintiff's injury.

27.

Upon information and belief, Defendant failed to reasonably and adequately supervise its employee when Defendant knew, or should have known, of the employee's propensity to engage in the conduct which caused Plaintiff's injury.

28.

Upon information and belief, Defendant failed to exercise ordinary care in the manner in which it hired and supervised its employee.

29.

Upon information and belief, Defendant retained and continued to employ its employee, despite complaints, lawsuits, and the repetitive nature in which the employee harassed and abused Plaintiff.

30.

The lack of exercise of ordinary care in the hiring, retention and supervision of its employee evinces that entire want of care which would raise the presumption of conscious indifference to consequences, thus entitling Plaintiffs to punitive damages.

### CAUSE OF ACTION
### VIOLATIONS OF THE FDCPA

31.

Plaintiffs repeat, reallege and incorporate by reference herein paragraphs 1 through 30 above.

32.

Plaintiffs allege that Defendant violated multiple provisions of the FDCPA, including but not limited to: 15 U.S.C. § 1692c(1); 15 U.S.C. § 1692c(b);15 U.S.C. § 1692d(5); 15 U.S.C. § 1692e(4)); 15 U.S.C. § 1692e(5); 15 U.S.C. § 1692e(7) and (10),  by reason of its conduct, statements and representations described in this Complaint.

33.

As a result of Defendant's violations of the FDCPA, Plaintiffs has suffered actual damages and emotional distress and is entitled to an award of actual, punitive and statutory damages, costs and her attorney's fees.

6

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against the

Defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Punitive or exemplary damages pursuant to O.C. G.A. § 51-12-5.1

d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

   and

e) Such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED**.

This 7th day of December, 2010.

JOHN C. FORBES, JR.
Georgia Bar No. 267709

Attorney for Plaintiffs

THE LAW OFFICES OF MARK A. CAREY, P.C.
6 Concourse Parkway
Suite 1500
Atlanta, Georgia  30328
(678) 341-5550