IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES TREADWELL and STEVE TREADWELL, | : : : |
| Plaintiffs, | : : |
| v. | :  CIVIL ACTION FILE NO. : 1:10-CV-3969-HLM-WEJ |
| NORTHSTAR LOCATION SERVICES, LLC, | : : : : |
| Defendant. | : |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY

COMES NOW, Defendant NORTHSTAR LOCATION SERVICES, LLC ("Northstar") and pursuant to Fed. R. Civ. P. 37 files this, its Memorandum of Law In Support of Defendant's Motion to Compel Discovery. In support of this Motion, Northstar shows this Court the following:

### I.  FACTUAL BACKGROUND

On April 29, 2011, Northstar served its First Interrogatories and First Requests for Production of Documents on each Plaintiff. *See* Defendant's First

Interrogatories and Defendant's First Requests for Production of Documents attached hereto as Exhibits "A," "B," "C," and "D," respectively.

On May 31, 2011, counsel for the Plaintiffs requested an extension of time to respond to the discovery requests because he had been called out of town to handle a family matter. Counsel for Northstar agreed to this request the same day, and sent back a confirming email. A copy of that correspondence is attached hereto as Exhibit "E".

The extension having expired on June 23, 2011, and having received no response to the discovery requests, counsel for Northstar sent correspondence on July 5, 2011, advising counsel for Plaintiffs that the discovery responses had not been received. A copy of that correspondence is attached hereto as Exhibit "F".

On July 14, 2011, counsel for Northstar received an email from counsel for Plaintiffs stating that Mr. Carey was still out of town, but Mr. Forbes would provide discovery responses by Monday, July 11, 2011. A copy of that correspondence is attached hereto as Exhibit "G". However, despite Mr. Forbes' assurances, no discovery responses or documents have been received as of the filing date of this Motion. Therefore, it has now been more than 90 days since Northstar served its discovery requests and it is still no closer to gaining an understanding of Plaintiffs' claims and the evidentiary basis for those claims.

Despite Northstar's good faith efforts to cooperate in discovery, Plaintiffs have completely failed and refused to respond to Northstar's discovery requests. For the reasons set forth below, Northstar respectfully moves this Court to enter an order compelling Plaintiffs to provide complete responses to these requests.

## II.   ARGUMENT AND CITATION TO AUTHORITY

Federal Rules of Civil Procedure 26, 33, 34 require parties to respond to discovery served upon them within thirty days of service. Pursuant to Fed. R. Civ. P. 37, if a party does not timely serve discovery responses, the court in which the action is pending has the right, among other sanctions, to compel the party's response. *See PharMerica, Inc. v. HealthPrime, Inc.*, 2008 WL 779329 (N.D. Ga. 2008) *citing Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729 (N.D. Ga. 2008). Indeed, in cases involving serious or total failure to respond to discovery, dismissal and entry of judgment against the non-moving party is an appropriate sanction. *See, e.g., Phipps v. Bakeney*, 8 F.3d 788, 790 (11th Cir. 1993). Accordingly, since Plaintiffs have failed to respond to Northstar's discovery requests, despite Northstar's cooperation in granting a requested extension, Northstar respectfully requests the Court compel Plaintiffs to fully respond to all of its Interrogatories and Requests for Production within five (5) days of the entry of

the Court's Order. If Plaintiffs are unable or unwilling to do so, Northstar respectfully requests that the Court dismiss Plaintiffs' Complaint, with prejudice.

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), a party succeeding on a motion to compel is entitled to the reasonable expenses incurred in making the motion, including attorneys' fees. Under Rule 37(a)(5)(A), the party seeking production is also entitled to this award if the requested discovery is provided after the motion is filed. Under this Rule, the attorneys' fees and expenses should be awarded against the party whose conduct necessitated a motion to compel discovery, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust. *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154 (11th Cir. 1993). Plaintiffs cannot provide any legitimate justification for their failure to cooperate with the discovery process or their failure to produce responses to Northstar's discovery requests. Accordingly, Northstar is entitled to the reasonable expenses and attorneys' fees incurred in filing this Motion.

### III. CONCLUSION

For the foregoing reasons, Northstar requests that this Court compel Plaintiffs, within five (5) days of the Court's entry of an Order on this Motion, to serve complete responses to Northstar's First Set of Interrogatories and Requests

for Production of Documents upon counsel for Northstar, and produce documents responsive to Northstar's Requests for Production of Documents. If Plaintiffs are unable or unwilling to do so, Northstar respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice. Finally, Northstar seeks an Order from the Court awarding Northstar its reasonable attorneys' fees and costs incurred in preparing this Motion.

Respectfully submitted this 19th day of August, 2011.

s/ L. Clint Crosby
L. Clint Crosby
Georgia Bar No. 197877

*Counsel for Defendant Northstar Location Services, LLC*

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Monarch Plaza, Suite 1600
3414 Peachtree Rd., N.E.
Atlanta, GA 30326-114
(678) 406-8702 (telephone)
(678) 406-8802 (facsimile)

## CERTIFICATE OF COMPLIANCE

I herby certify that the foregoing Memorandum of Law in Support of Defendant's motion to Compel Discovery was prepared in Times New Roman 14 point font and does not contain more than 10 characters per inch of type.

s/ L. Clint Crosby
L. Clint Crosby

*Counsel for Defendant Northstar Location Services, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES TREADWELL and STEVE TREADWELL, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION FILE NO. : 1:10-CV-3969-HLM-WEJ |
| NORTHSTAR LOCATION SERVICES, LLC, | : : : : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the Plaintiffs in the foregoing matter with a copy of the **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY** via the Court's ECF notification system addressed as follows:

John C. Forbes, Esq.
Law Offices of Mark A. Carey
925-B Peachtree Street, #307
Atlanta, GA 30309-9910

This 19th day of August, 2011.

/s/ L. Clint Crosby
L. Clint Crosby
Georgia Bar No. 197877

*Counsel for Defendant Northstar Location Services, LLC*